ACCEPTED
01-15-00010-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/8/2015 5:17:36 PM
CHRISTOPHER PRINE
CLERK

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/8/2015 5:17:36 PM

CHRISTOPHER A. PRINE
Clerk

NO. 01-15-00010-CV

MARK THOMPSON, SR.,
Appellant,

V.

KAREN SMITH,
Appellee.

On Appeal from the 246th District Court
Harris County, Texas

Trial Court Cause No. 2013-03434

## APPELLANT'S BRIEF

CORDELL & CORDELL, P.C.
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2969, Fax: (832) 730-2970

By: /s/ Nida C. Wood
    Nida C. Wood
    State Bar No. 24072034
    E-mail: nchaudhriwood@cordelllaw.com
    Bryan L. Abercrombie
    State Bar No. 24029411
    E-mail: babercrombie@cordelllaw.com
    Attorneys for Appellant

ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to the Texas Rule of Appellate Procedure 38.1(a), Appellant, Mark Thompson, Sr., provides the following complete list of all parties and counsel to the trial court's judgment being appealed:

Appellant:
Mark Thompson, Sr.
1800 James Bowie Drive #85
Baytown, Texas 77520

Trial/Appellate Counsel for Mark Thompson, Sr.
Nida Chaudhri Wood
CORDELL & CORDELL, P.C.
1300 Post Oak Blvd., Suite 1800
Houston, Texas 77056
State Bar No. 24072034
Email - nchaudhriwood@cordelllaw.com

Bryan L. Abercrombie
CORDELL & CORDELL, P.C.
1300 Post Oak Blvd., Suite 1800
Houston, Texas 77056
State Bar No. 24029411
Email - babercrombie@cordelllaw.com

Appellee:
Karen Smith
709 CR 401
Dayton, Texas 77535

Trial Counsel Karen Smith
Sally A. Jones
ELLIOTT, HEINLEIN & JONES, P.C.
P.O. Box 1446
Crosby, Texas 77532
State Bar No. 10954700
Email - sjones@ehjlawpc.com

- 1 -

Appellate Counsel Karen Smith
G. Troy Pickett
BUTEL & PICKETT PLLC
2222 Bissonnet Street, Suite 203
Houston, Texas 77005
State Bar No. 24072757
Email - gtpservice@butelpickett.com

# TABLE OF CONTENTS

I.      Identity of Parties and Counsel................................................1

II.     Table of Contents............................................................3

III.    Index of Authorities.........................................................5

IV.     Statement of the Case........................................................7

V.      Issues Presented.............................................................8

VI.     Statement of Facts ..........................................................9

VII.    Summary of Argument.........................................................11

VIII.   Argument ...................................................................12

        A. Issue Number One – Under Texas Family Code Section 154.302, does a
           trial court abuse its discretion by ordering a parent to provide indefinite
           support for an adult child when the record contains insufficient evidence
           to support a finding of disability and substantial care? ...............12

           1.   Standard of Review..................................................12

           2.   The evidence presented at trial was insufficient for the court to
                exercise its discretion. ...........................................14

        B. Issue Number Two – Under Texas Family Code Section 154.306, does a
           trial court abuse its discretion by imposing a child support obligation
           past a child's 18th birthday when the court failed to make findings
           regarding the statutorily mandated factors?.............................17

IX.     Prayer......................................................................20

X.      Verification................................................................22

XI.     Certificate of Service..................................................... 23

XII.    Certificate of Compliance...................................................23

XIII.    Appendix..................................................................................A-1

# INDEX OF AUTHORITIES

| Cases | Page |
|---|---|

*Downer v. Aquamarine Operators, Inc.*,
   701 S.W.2d 238, 242 (Tex.1985)..................................................12

*Fulgham v. Fischer*,
   349 S.W.3d 153, 157 (Tex.App.-Dallas 2011, no pet.).........................13

*In re A.M.W.*,
   313 S.W.3d 887, 890 (Tex.App.—Dallas 2010, no pet.)......................12

*McIntyre v. Ramirez*,
   109 S.W.3d 741, 745 (Tex.2003) ...............................................14

*Ortiz v. Jones*,
   917 S.W.2d 770, 772 (Tex.1996) ...............................................13

*Quick v. Plastic Solutions of Tex., Inc.*,
   270 S.W.3d 173, 181 (Tex.App.-El Paso 2008, no pet.) .......................13

*Stucki v. Stucki*,
   222 S.W.3d 116, 199 (Tex. App.—Tyler 2006, no. pet) .......................12

*Watson v. Watson*,
   286 S.W.3d 519, 522 (Tex.App.—Fort Worth 2009, no pet.)............12, 13

*Worford v. Stamper*,
   801 S.W.2d 108 (Tex. 1990)......................................................12

*Wolk v. Wolk*,
   No. 03-06-00595-CV (Tex.App.—Austin 2007, no pet.)
   (memo op.; 9-12-07)..........................................................18, 19

**Statutes**                                                                                  **Page**

TEX. FAM. CODE ANN. § 154.302.................................................................14, 17

TEX. FAM. CODE ANN. § 154.306...........................................17, 18, 19, 20

TEX. R. EVID. 601 ........................................................................15


**Secondary Sources**

THE AMERICAN HERITAGE COLLEGE DICTIONARY (5th ed. 2015) ....................15

## Statement of the Case

This appeal arises from a suit for indefinite support of an adult child filed by Appellee Karen Smith (hereinafter referred to as "Appellee"). C.R. 5-6. In response to the petition, Appellant, Mark Thompson, Sr. (hereinafter referred to as "Appellant"), filed a *Motion to Transfer Venue, Respondent's Plea in Abatement, Plea to the Jurisdiction and Original Answer.,* and *Motion to Dismiss for Lack of Jurisdiction.* C.R. 7-11, 38-41.

After hearing oral arguments, the trial court denied the transfer request and held that jurisdiction did exist to conduct a hearing on whether or not the court has jurisdiction over the issues of the child's alleged disability and right to support. C.R. 52. Appellant sought mandamus relief from this Court and the Supreme Court of Texas, but was denied the requested relief. C.R. 65-192, 194-205, 220.

The parties proceeded to trial before the court Appellee's petition in August 2014, and the trial court ruled in favor of Appellee and ordered Appellant to pay support for the adult child (hereinafter "J.L.T.") indefinitely. C.R. 234-241. Appellant requested and was denied a new trial (C.R. 254-261, 268-269), and timely filed notice of this appeal on January 7, 2015. C.R. at 296-297.

## Issues Presented

1.  Under Texas Family Code Section 154.302, does a trial court abuse its discretion by ordering a parent to provide indefinite support for an adult child when the record contains insufficient evidence to support a finding of disability and substantial care?

2.  Under Texas Family Code Section 154.306, does a trial court abuse its discretion by imposing a child support obligation past a child's 18th birthday when the court failed to make findings regarding the statutorily mandated factors?

## Statement of Facts

This appeal stems from an order requiring Appellant to provide indefinite support for an adult child. C.R. 234-241, 296.

On January 18, 2013, Appellee filed a *Petition for Support of Disabled Child* seeking support of the parties' adult child, J.L.T. C.R. 5-6. In her petition, Appellee alleged that J.L.T. "requires substantial care and personal supervision because of a mental disability and is not capable of self-support." C.R. 5-6. In an amended petition filed in May 2014, Appellee further alleged that J.L.T.'s mental disability "exists now, and the cause of the disability was known to exist on or before [J.L.T's] eighteenth birthday." C.R. 207-208. Trial was before the court in August 2014. C.R. 234.

At trial, the court heard evidence from a custodian of records for J.L.T's high school, Appellee, J.L.T., Appellee's sister, J.L.T.'s older brother, and Appellant. Through this testimony and the documents admitted into evidence, the following facts about J.L.T.'s mental state and capabilities were established –

- J.L.T is capable of communicating with others (2 R.R. 20:21-21:8, 66:15-78:24);

- J.L.T. is competent to testify as a witness and be placed under oath (2 R.R. 66:11-17);

- J.L.T. can dress herself without assistance (2 R.R. 68:2-6), but benefits from

-9-

being reminded to engage in good personal hygiene (2 R.R. 22:20-23:9);

- J.L.T. has poor eyesight and hearing (2 R.R. 21:15-18), walks on her toes (2 R.R. 21:12-13), has balance issues (2 R.R. 21:14), and is clumsy (2 R.R. 93:16-20), but needs no special equipment to help her (2 R.R. 45:6-16, 3 R.R. 22:12-15);

- J.L.T. is under the care of a psychiatrist for reasons unrelated to her alleged disability (2 R.R. 26:3-7, 59:2-8);

- J.L.T. has had mishaps in the past when she is upset (2 R.R. 22:14-16, 25:8-15, 83:6-17, 93:4-8; 94:9-18), but she is taking mediation that helps to control these emotional outburst episodes (2 R.R. 69:3-10);

- J.L.T. lives with Appellee and has never been given the opportunity to live on her own (2 R.R. 21:20-24, 57:4-5);

- J.L.T. has a high school diploma (2 R.R. 20:5-7, 3 R.R. 11:17-20) and made almost all A's and B's throughout her high school career (4 R.R. 34-37);

- J.L.T. is eligible to vote (2 R.R. 49:12-13); and

- J.L.T. is of sufficient intelligence and mental capability to understand and sign a Power of Attorney (2 R.R. 55:18-56:1).

Evidence was also presented at trial regarding general living expenses of J.L.T. (2 R.R. 28:8-19, 50:7-51:17, 56:7-57:3, 4 R.R. 43), medical bills incurred in the past on her behalf (2 R.R. 29:7-9, 4 R.R. 43), and Appellant's income (2 R.R.

28:12, 28:20-25, 3 R.R. 29:16-25, 39:15-18). The only evidence offered to the lower court, though, regarding the financial resources available to Appellee for support of J.L.T. was a ballpark figure for her husband's monthly net income. (2 R.R. 46:16-23).

At the conclusion of the evidence and argument, the lower court took the case under advisement (3 R.R. 53:2-3) and eventually ruled in favor of Appellee by imposing an indefinite child support obligation on Appellant for support of J.L.T. C.R. 233-241.

On January 7, 2015, Appellant timely filed notice of this appeal. C.R. 296-297.

### Summary of the Argument

The trial court abused its discretion by imposing an indefinite child support obligation on Appellant when there was insufficient evidence to show that J.L.T. currently suffers from a disability that causes her to require substantial care. Without such evidence, the court did not have the ability to exercise its discretion in imposing a support obligation relating to the adult child and to do so was manifestly unjust and wrong.

The trial court abused its discretion by imposing an indefinite child support obligation on Appellant when the court did not have enough evidence before it to consider the required factors under Texas Family Code Section 154.306. Appellee

failed to meet her burden regarding at least one of the four factors that the court must give special consideration to when determining the amount of support to be paid for an adult child. Accordingly, imposing and setting a child support obligation in this case was an abuse of discretion.

## **Argument**

A.   Issue Number One.

**Under Texas Family Code Section 154.302, does a trial court abuse its discretion by ordering a parent to provide indefinite support for an adult child when the record contains insufficient evidence to support a finding of disability and substantial care?**

### 1.    Standard of Review

A court's order regarding child support may be overturned on appeal if the complaining party can show a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); see also *In re A.M.W.*, 313 S.W.3d 887, 890 (Tex.App.—Dallas 2010, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985).

In family law cases, legal and factual insufficiency are factors in determining whether there was an abuse of discretion by the trial court as opposed to independent grounds of error. *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex.App.—Fort Worth 2009, no pet.); *Stucki v. Stucki*, 222 S.W.3d 116, 199 (Tex.

App.—Tyler 2006, no. pet). When a sufficiency of evidence inquiry overlaps with the abuse of discretion standard, a two-pronged analysis is employed. *Watson* 286 S.W.3d at 522–23. First, the reviewing court must determine if the trial court had sufficient evidence upon which to exercise discretion. *Id.* If sufficient evidence exists, the appellate court must then decide if the trial court correctly applied its discretion. *Watson* 286 S.W.3d at 522–23. In other words, this court must conclude that the ruling was a reasonable decision. *Id*

Additionally, in an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex.App.-Dallas 2011, no pet.). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). When the appellate record contains a reporter's record, findings of fact are not conclusive and are binding only if supported by the evidence. *Fulgham*, 349 S.W.3d at 157.

A trial court's conclusions of law are reviewed de novo. *Quick v. Plastic Solutions of Tex., Inc.*, 270 S.W.3d 173, 181 (Tex.App.-El Paso 2008, no pet.). Erroneous conclusions of law are not binding on the appellate court, but if the controlling findings of fact will support a correct legal theory, are supported by the evidence, and are sufficient to support the judgment, then the adoption of erroneous legal conclusions will not mandate reversal. *Id.*

- 13 -

As applied to the case at hand, the evidence offered at trial was insufficient to prove that J.L.T. suffered from a disability that required substantial past care and thus the court abused its discretion in imposing a child support obligation on Appellant.

2. The evidence presented at trial was insufficient for the court to exercise its discretion.

Texas Family Code Section 154.302 sets forth the required findings a court must make in order to impose an obligation for indefinite child support on a parent. TEX. FAM. CODE ANN. § 154.302. Specifically, a party seeking indefinite child support must show (1) the child requires substantial care and personal supervision, (2) the required care and supervision is caused by a present mental or physical disability of the child, (3) the child will not be capable of self-support in the future, and (4) the disability either existed on or prior to the child's 18th birthday or its cause was known to exist on or before that date. *Id.* Failure to provide sufficient proof of each element prevents a trial court from granting the request for indefinite support. See *Id.*

The Texas Family Code does not provide a definition of "disability" or "substantial care" in connection with Section 154.302. *Id.* Under the rules of statutory construction, though, a reviewing court is to start with the plain and common meaning of the statute's words to determine the legislature's intent. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003). According to The

- 14 -

American Heritage College Dictionary, the word "substantial" means considerable in amount or extent, and the word "disability" means "a physical or mental condition that significantly limits a person's motor, sensory, or cognitive abilities." THE AMERICAN HERITAGE COLLEGE DICTIONARY (5th ed. 2015). What's more, in the legal context, The American Heritage College Dictionary defines the word "disability" as a "lack of legal capacity to perform some act, such as to enter into a contract, because of infancy or lack of soundness of mind." *Id.*

During the trial of this case, the following uncontroverted information was available to the court regarding J.L.T.'s current mental and physical state as well as her need for assistance –

- She is competent to testify as a witness and be placed under oath (2 R.R. 66:11-17), TEX. R. EVID. 601;

- She has a malformed jaw and tongue which cause a speech impediment (2 R.R. 20:21-21:8), but that impediment does not prohibit her from communicating with others (2 R.R. 21:3-8, 66:15-78:24);

- She is able to read (2 R.R. 19:17-18), write (2 R.R. 63:1-2, 74:25-75:10), do basic math (2 R.R. 63:3-4), use a computer (2 R.R. 50:3-4), and use a cell phone (2 R.R. 76:6-14);

- She is capable of getting dressed without assistance (2 R.R. 68:2-6);

- She has poor eyesight and hearing (2 R.R. 21:15-18), walks on her

- 15 -

toes (2 R.R. 21:12-13), has balance issues (2 R.R. 21:14), and is clumsy (2 R.R. 93:16-20), but needs no special equipment to help her (2 R.R. 45:6-16, 3 R.R. 22:12-15);

- She has a high school diploma (2 R.R. 20:5-7, 3 R.R. 11:17-20) and made almost all A's and B's throughout her high school career (4 R.R. 34-37);

- She is eligible to vote (2 R.R. 49:12-13); and

- She is of sufficient intelligence and mental capability to understand and sign a Power of Attorney (2 R.R. 55:18-56:1).

Using the common meanings of the words "disability" and "substantial" as set forth above, the foregoing evidence overwhelmingly refutes Appellee's claims that J.L.T. suffers from a disability and needs substantial care. The uncontroverted facts clearly show that J.L.T. is of sound mind, suffers no *significant* impairment of her motor, sensory or cognitive abilities, and does not need a considerable amount of care as a result of the impairments from which she does suffer.

Appellee will most likely point this Court to evidence regarding past incidents and mishaps involving J.L.T. (2 R.R. 22:14-16, 25:16-24, 83:6-17, 93:4-8) to support her claim that J.L.T. is presently mentally disabled and needs substantial care. For the majority of these incidents, though, Appellee failed to provide any timeframe on when the incidents occurred in the twelve years since J.L.T. turned 18 (2 R.R. 22:14-16, 83:6-17). Appellee further failed to provide any

evidence that these incidents are expected to reoccur in the future or explain how these past behaviors are still part of J.L.T.'s mental state now that she is under the care of a psychiatrist (2 R.R. 25:16-26:11) and taking mediation that helps to control her emotional outbursts (2 R.R. 69:3-10). Finally, Appellee presented evidence that J.L.T. has never lived on her own (2 R.R. 21:22-24), but the Court heard evidence from J.L.T. herself that, although she does need to live with other people, this is only to avoid nervous breakdowns (2 R.R. 67:21-68:1).

In sum, the evidence presented at trial was wholly insufficient to support the trial court's finding that J.L.T. was presently disabled and consequently requires substantial care. The evidence clearly showed that J.L.T. does not need substantial care and is not presently disabled and thus Appellee failed to meet her burden of proof on two required elements under Texas Family Code Section 154.302. Accordingly, the lower court abused its discretion when it imposed an indefinite child support obligation on Appellant.

B.     Issue Number Two.

**Under Texas Family Code Section 154.306, does a trial court abuse its discretion by imposing a child support obligation past a child's 18th birthday when the court failed to make findings regarding the statutorily mandated factors?**

Under Texas Family Code Section 154.306, the court shall determine and give special consideration to four factors when determining the support obligation for a child over eighteen years of age: (1) any existing or future needs of the adult

child directly related to the adult child's mental and physical disability; (2) whether the parent pays for or will pay for the care or supervision of the adult child or provides substantial care and personal supervision of the adult child; (3) the financial resources available to both parents for the support; and (4) any other resources or programs available for the support, care, and supervision of the adult child. TEX. FAM. CODE ANN. § 154.306. When a trial court imposes a support obligation under Section 154.306 without sufficient evidence on each of these factors, an abuse of discretion has occurred. See *Wolk v. Wolk*, No. 03-06-00595-CV (Tex.App.—Austin 2007, no pet.) (memo op.; 9-12-07).

In the case of *Wolk v. Wolk*, the lower court imposed a post-18 child support obligation on the father of a child suffering from Down's syndrome. *Id.* The evidence presented at trial included confirmation of the child's present disability, that the mother was the primary caretaker of the child, and that she had been taking care of the child for years. *Id.* There was no evidence presented, though, showing the child's current or future medical needs directly related to his disability, the substantial care and personal supervision required relating to the child's disability, whether the mother pays or will pay for the care and supervision of the child or will provide substantial care, or financial or other resources or programs available for the support and care of the child. *Id.* Based on this lack of evidence, the appellate court found that the trial court abused its discretion by imposing a

- 18 -

support obligation when it did not have sufficient information to determine and give special consideration to the statutorily required factors of Texas Family Code 154.306. *Id.*

As in *Wolk*, there was a complete lack of evidence presented at trial regarding at least one required factor of Section 154.306. No evidence was presented on what existing or future needs J.L.T. has that are <u>directly</u> related to her alleged disability and the substantial care and personal supervision required by that alleged disability. Testimony and exhibits were presented regarding general living expenses of J.L.T. (2 R.R. 28:8-19, 50:7-51:17, 56:7-57:3, 4 R.R. 43) including generic information on prior medical bills incurred on behalf of J.L.T. (2 R.R. 29:7-9, 4 R.R. 43), but nothing specific was offered as a need stemming directly from her alleged disability (2 R.R. 59:2-8, 59:16-24). Accordingly, the court could not have been able to consider the first required factor.

In addition, there was no evidence presented on whether Appellee pays for or will pay for the care or supervision of the adult child or provides or will provide substantial care and personal supervision for J.L.T. Appellee testified that she lives with J.L.T. (2 R.R. 21:20-21. 57:4-5) and reminds J.L.T. to engage in good personal hygiene (2 R.R. 22:20-23:9) but failed to offer evidence demonstrating that she provides or will provide actual *substantial* care for J.L.T. in the future. Without this evidence, it was not possible for the lower court to give proper

consideration to the second statutory factor.

Moreover, the trial court was not presented with evidence regarding the financial resources available to both parents for support of J.L.T. Evidence was admitted regarding Appellant's income (2 R.R. 28:12, 28:20-25, 3 R.R. 29:16-25, 39:15-18); however, Appellee did not disclose all of the financial resources available to her that would be available to support J.L.T. (2 R.R. 46:16-23, 58:12-14, 63:13-64:19, 65:14-66:5). The only evidence she presented to satisfy the third factor under Section 154.306 was an estimate of her husband's net monthly income (2 R.R. 46:22-23). As such, the court was not able to give the requisite consideration to this factor.

In conclusion, it was error for the trial court to impose a support obligation on Appellant because the court was not presented with evidence sufficient to allow special consideration of three of the four factors required under Texas Family Code Section 154.306.

## Prayer

Appellant respectfully requests, based on the argument and authorities contained herein, that the Court reverse the applicable rulings of the 246th Judicial District Court, Harris County Texas and hold that the trial court abused its discretion by imposing an indefinite child support obligation on Appellant.

Respectfully Submitted,

CORDELL & CORDELL, P.C.
1330 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
Tel: (832) 730-2969
Fax: (832) 730-2970


By: /s/ Nida C. Wood
    Nida C. Wood
    State Bar No. 24072034
    E-mail: nchaudhriwood@cordelllaw.com
    Bryan L. Abercrombie
    State Bar No. 24029411
    E-mail: babercrombie@cordelllaw.com
    Attorneys for Appellant

**STATE OF TEXAS** § 

**COUNTY OF HARRIS** §

Before me, the undersigned authority appeared, Nida C. Wood, known to me to be the person whose name is subscribed below, who stated, under oath, that she is above the age of twenty-one years, he is the attorney for Appellant, Mark Thompson, Sr., in her capacity as such, has personally reviewed all exhibits contained in the appendix to this Appellant's Brief, he has personal knowledge that all such exhibits are true, correct and complete as contained in the files of Harris County District Clerk or LexisNexis, as applicable, except as redacted in compliance with the applicable Texas Rules of Appellate Procedure.

_____
Nida C. Wood

SWORN TO AND SUBSCRIBED BEFORE ME this __8th__ day of __April_____, 2015.

_____
Notary Public in and for the State of Texas

KATHRYN MARTI-RUIZ
Notary Public, State of Texas
My Commission Expires
June 18, 2018

## Certificate of Service

I certify that a true copy of the foregoing with attached appendix was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel via e-service on April 8, 2015:

**Counsel for Appellee:**
Mr. G. Troy Pickett
2222 Bissonnet Street, Suite 203
Houston, Texas 77005

/s/ Nida C. Wood
Nida C. Wood
Bryan L. Abercrombie
Attorneys for Appellant

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this document contains 2,748 words and is thus within the limits imposed by TEX. R. APP. P. 9.4(i)(2)(B).

/s/ Nida C. Wood
Nida C. Wood
Bryan L. Abercrombie
Attorneys for Appellant

**APPENDICES:** The following documents are attached to this brief and incorporated in it for all purposes.

Appendix A: Attached to this brief are the following documents:

1. A certified copy of the *Order For Support of Adult Disabled Child.*

2. A certified copy of the *Finding of Fact and Conclusions of Law.*

3. TEX. FAM. CODE ANN. §154.302 (West 2014).

4. TEX. FAM. CODE ANN. §154.306 (West 2014).

5. TEX. RULES OF EVIDENCE Rule 601.

# APPENDIX A-1

## APPENDIX

A-2.  A certified copy of the *Order For Support of Adult Disabled Child.*

A-3.  A certified copy of the *Finding of Fact and Conclusions of Law.*

A-4.  TEX. FAM. CODE ANN. §154.302 (West 2014).

A-5.  TEX. FAM. CODE ANN. §154.306 (West 2014).

A-6.  TEX. RULES OF EVIDENCE Rule 601.

# APPENDIX A-2

FILED
Chris Da~~
District Cl~~

SEP 05 2014

Time:_____
Harris Cou~~
By~~~~
Depu~~

P.8
epo
8a

| | | |
|---|---|---|
| IN THE INTEREST OF: | * | IN THE FAMILY DISTRICT COURT |
| | * | |
| | * | HARRIS COUNTY, TEXAS |
| | * | |
| ADULT CHILD. | * | 246TH JUDICIAL DISTRICT |

## ORDER FOR SUPPORT OF ADULT DISABLED CHILD

On August 13 and 14, 2014, the Court heard the Petition for Support of Adult Disabled Child filed by KAREN SMITH, Petitioner.

### Appearances

Petitioner, KAREN SMITH, appeared in person and through attorney of record, Sally A. Jones, and announced ready for trial.

Respondent, MARK THOMPSON, SR., appeared in person and through attorneys of record, Nida Chaudhri Wood and Bryan Abercrombie, and announced ready for trial.

### Jurisdiction

The Court, after examining the pleadings and hearing the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction. A jury was waived, and all questions of fact and of law were submitted to the Court. All persons entitled to citation were properly cited.

### Record

A record of testimony was duly reported by Jenine Redden on August 13, 2014 and by Alexandra McMillen on August 14, 2014.

### Findings

~~The Court finds that the child the subject of this suit requires substantial care and personal supervision because of a mental or physical disability and is not capable of self-support.~~

*No findings made - LT. Only per T.R.C.P. 299a*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

234

The Court further finds that the child the subject of this suit is over the age of eighteen years, and the disability exists now and existed on or before the eighteenth birthday of the child.

*Support Order*

IT IS ORDERED that MARK THOMPSON, SR. is obligated to pay and shall pay to KAREN SMITH child support of THREE HUNDRED AND NO/100 ($300.00) DOLLARS per month, with the first payment being due and payable on September 1, 2014 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. the child dies; or

2. further order modifying this child support.

3. *as otherwise provided by law T.F.C 154.001*

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to KAREN SMITH for the support of the child.

*Withholding From Earnings*

IT IS ORDERED that any employer of MARK THOMPSON, SR. shall be ordered to withhold from earnings for child support from the disposable earnings of MARK THOMPSON, SR. for the support of ████████████

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of MARK THOMPSON, SR. by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be

-2-

paid by this decree, the balance due remains an obligation of MARK THOMPSON, SR., and it is hereby ORDERED that MARK THOMPSON, SR. pay the balance due directly to the state disbursement unit as specified below.

On this date the Court signed an Income Withholding for Support.

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to KAREN SMITH for the support of the child.

IT IS FURTHER ORDERED that MARK THOMPSON, SR. shall notify this Court and KAREN SMITH by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of MARK THOMPSON, SR. and the name and address of his current employer, whenever that information becomes available.

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, KAREN SMITH, MARK THOMPSON, SR., or an attorney representing KAREN SMITH or MARK THOMPSON, SR., the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

*Additional Child Support*

As additional child support, IT IS ORDERED that KAREN SMITH is awarded all Social Security Disability Insurance payments which are payable to ███████████████ through the earnings record of MARK THOMPSON, SR., as his adult child who became disabled before the age of 22 years, as provided and as is available under Federal law.

-3-

236

IT IS ORDERED that MARK THOMPSON, SR. shall assist and accompany KAREN SMITH in order to apply for Social Security Disability Insurance benefits for JENNIFER THOMPSON, as an adult disabled child claiming through MARK THOMPSON SR.'s Social Security earnings record.

IT IS ORDERED that the application shall be completed to take effect on September 1, 2015, the date of MARK THOMPSON SR.'s full eligibility for Social Security benefits.

IT IS ORDERED that all payments made by the Social Security Administration for the benefit of ████████ THOMPSON shall be directed to KAREN SMITH.

***Possession or Access***

The Court finds that the following provisions for possession of or access to JENNIFER THOMPSON are in the best interest of the child:

In the absence of other mutual agreement of the parties, MARK THOMPSON., SR. shall have the right of possession of or access to ████████████████ on Sunday of each week, beginning at 1:00 p.m. and ending at 3:00 p.m. *Pickup and dropoff shall be at* *the residence of* ████████████

***Required Information***

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name:     KAREN SMITH

Social Security number:     XXX-XX-X430

Driver's license number and issuing state:     XXXXX407   Texas

Current residence address:     709 CR 401
                                                Dayton, Texas 77535

Mailing address:     709 CR 401
                            Dayton, Texas 77535

-4-

Home telephone number:    (281) 576-5930

Name of employer:    Not employed

Address of employment:    Not applicable

Work telephone number:    Not applicable

Name:    MARK THOMPSON, SR.

Social Security number:    XXX-XX-X526

Driver's license number and issuing state:    XXXXX248

Current residence address:    1800 James Bowie Dr. #85
Baytown, Texas 77520

Mailing address:    1800 James Bowie Dr. #85
Baytown, Texas 77520

Home telephone number:    (716) 536-2116

Name of employer:    Compass Engineering Corporation

Address of employment:    1061 Planters Lane
Greensboro, Georgia 30642-4898

Work telephone number:    (800) 431-3429

Name:    ███████████

Social Security number:    XXX-XX-X██

Identification number and issuing state:    XXXXX███

*Notices*

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY ON OR BEFORE THE 60TH DAY

BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at P. O. Box 4651, Houston, Texas 77210. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Division, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

*Warnings*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR

239

EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

*Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

*Date of Order*

This order judicially PRONOUNCED AND RENDERED in court at Houston, Harris County, Texas, on August 22, 2014 and further noted on the court's docket sheet on the same date, but signed on _____9/5/_____, 2014.


_____
JUDGE PRESIDING

-7-

240

APPROVED AS TO FORM ONLY:

ELLIOTT, HEINLEIN & JONES, P.C.

_____
Sally A. Jones
State Bar No. 10954700
P. O. Box 1446
Crosby, Texas 77532
(281) 328-6583
FAX (281) 462-0733
sjones@ehjlawpc.com
Attorneys for Petitioner


CORDELL & CORDELL, P.C.

_____
Nida Chaudhri Wood
State Bar No. 24072034
1330 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(832) 730-2965
FAX (832) 730-2966
nchaudhriwood@cordelllaw.com
Attorneys for Respondent


CORDELL & CORDELL, P.C.

_____
Bryan Abercrombie
State Bar No. 24029411
1330 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(832) 730-2965
FAX (832) 730-2966
babercrombie@cordelllaw.com
Attorneys for Respondent

-8-

241

# APPENDIX A-3

**FILED**
Chris Daniel
District Clerk

NOV 18 2014

Time: _____
Harris County Texas
By _____
Deputy

p. 4



**THE STATE OF TEXAS**

**JIM YORK**
JUDGE, 246TH DISTRICT COURT
CIVIL COURTS BLDG.
201 CAROLINE, 16TH FLOOR
HOUSTON, TEXAS 77002

(713) 274-4500

BOARD CERTIFIED
FAMILY LAW AND CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

Interest of Thompson,
(JLT) Disabled Child

No. 2013-03434

246th District Court

Findings of Fact &
Conclusions of Law   Harris Co., Tx

Findings of Fact:

(1) The Child requires substantial care and personal supervision because of a mental or physical ~~capacity~~ disability & will not be capable of self-support.

(2) The disability exists, & the cause of the disability is known to exist, on or before the 18th birthday of the child.

(3) Petitioner, is the child's mother, and, therefore is a parent of the child.

Conclusion of Law:

The child, the ~~support~~ subject of this suit is entitled to Court-ordered Support in the amount of $300. per month

The Respondent-Father is entitled to periods of possession at even with the child

respectfully submitted

[signature] 11/18/14
Judge 246 District Court

COPY BY FAX TO ATTYS 11/18/14

① Sally Jones, atty for Child
281-462-0733
② Wade Wood/Bryan Thompson, atty for
FAX 832-730-2980   Dad

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

# APPENDIX A-4

*Texas Statutes and Codes* > *TEXAS FAMILY CODE* > *TITLE 5. THE PARENT-CHILD RELATIONSHIP AND THE SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP* > *SUBTITLE B. SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP* > *CHAPTER 154. CHILD SUPPORT* > *SUBCHAPTER F. SUPPORT FOR A MINOR OR ADULT DISABLED CHILD*

## § 154.302. Court-Ordered Support for Disabled Child

(a) The court may order either or both parents to provide for the support of a child for an indefinite period and may determine the rights and duties of the parents if the court finds that:

    (1) the child, whether institutionalized or not, requires substantial care and personal supervision because of a mental or physical disability and will not be capable of self-support; and

    (2) the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child.

(b) A court that orders support under this section shall designate a parent of the child or another person having physical custody or guardianship of the child under a court order to receive the support for the child. The court may designate a child who is 18 years of age or older to receive the support directly.

## History

Enacted by *Acts 1995, 74th Leg., ch. 20 (H.B. 655)*, § 1, effective April 20, 1995; am. *Acts 1997, 75th Leg., ch. 1173 (S.B. 497)*, § 1, effective September 1, 1997.

**Annotations**

## Case Notes

Civil Procedure: Judgments: General Overview
Civil Procedure: Appeals: Standards of Review: Substantial Evidence: Sufficiency of Evidence
Evidence: Procedural Considerations: Weight & Sufficiency
Family Law: Child Support: Jurisdiction: Continuing Jurisdiction
Family Law: Child Support: Obligations: General Overview
Family Law: Child Support: Obligations: Types: Dependent Adult Support
Governments: Legislation: Interpretation

**LexisNexis (R) Notes**

**Civil Procedure: Judgments: General Overview**
**1.** Although the child did not need constant supervision, the testimony at the hearing was sufficient to support a finding that he required substantial care and frequent personal supervision; thus, because the evidence supported the omitted element that the child required substantial personal supervision, the appellate court could supply that element under *Tex. R. Civ. P. 299*; therefore, the trial court's findings are sufficient to support an order of child support beyond the child's eighteenth birthday, *Tex. Fam. Code Ann. § 154.302(a)(1)*. *In re W.M.R., 2012 Tex. App. LEXIS 9097 (Tex. App. Fort Worth Nov. 1 2012).*

**Civil Procedure: Appeals: Standards of Review: Substantial Evidence: Sufficiency of Evidence**
**2.** Evidence was legally and factually sufficient to support trial court's finding that a child with muscular dystrophy would be incapable of self-support after age 18 and thus judgment directing father to pay monthly support beyond eighteenth

# APPENDIX A-5

*Texas Statutes and Codes* > *TEXAS FAMILY CODE* > *TITLE 5. THE PARENT-CHILD RELATIONSHIP AND THE SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP* > *SUBTITLE B. SUITS AFFECTING THE PARENT-CHILD RELATIONSHIP* > *CHAPTER 154. CHILD SUPPORT* > *SUBCHAPTER F. SUPPORT FOR A MINOR OR ADULT DISABLED CHILD*

## § 154.306. Amount of Support After Age 18

In determining the amount of support to be paid after a child's 18th birthday, the specific terms and conditions of that support, and the rights and duties of both parents with respect to the support of the child, the court shall determine and give special consideration to:

(1) any existing or future needs of the adult child directly related to the adult child's mental or physical disability and the substantial care and personal supervision directly required by or related to that disability;

(2) whether the parent pays for or will pay for the care or supervision of the adult child or provides or will provide substantial care or personal supervision of the adult child;

(3) the financial resources available to both parents for the support, care, and supervision of the adult child; and

(4) any other financial resources or other resources or programs available for the support, care, and supervision of the adult child.

## History

Enacted by *Acts 1995, 74th Leg., ch. 20 (H.B. 655)*, § 1, effective April 20, 1995.

**Annotations**

## Case Notes

Family Law: Child Support: Obligations: General Overview
Family Law: Child Support: Obligations: Types: General Overview
Family Law: Child Support: Obligations: Types: Dependent Adult Support

**LexisNexis (R) Notes**

**Family Law: Child Support: Obligations: General Overview**
1. A trial court is not required to take into consideration a party's debts to determine his net resources, nor does it provide that the court consider net resources of the parties when setting support for an adult disabled child. *In re Marriage of Harbrecht, 1998 Tex. App. LEXIS 1297 (Tex. App. Amarillo Feb. 27 1998).*

**Family Law: Child Support: Obligations: Types: General Overview**
2. Finding against the father was proper because his argument that the trial court abused its discretion by ordering him to pay excessive child support was without merit. In part, the court heard testimony from the mother concerning the child's future needs and documentary evidence was also presented and considered. *In re W.M.R., 2012 Tex. App. LEXIS 9097 (Tex. App. Fort Worth Nov. 1 2012).*

**Family Law: Child Support: Obligations: Types: Dependent Adult Support**
3. Finding against the father was proper because his argument that the trial court abused its discretion by ordering him to pay excessive child support was without merit. In part, the court heard testimony from the mother concerning the child's

# APPENDIX A-6

*Texas* **Court** **Rules** > *STATE RULES* > *TEXAS RULES OF EVIDENCE* > *ARTICLE VI.* *WITNESSES*

## Rule 601 Competency and Incompetency of Witnesses

(a) *General Rule*. --Every person is competent to be a witness except as otherwise provided in these *rules*. The following witnesses shall be incompetent to testify in any proceeding subject to these *rules*:

(1) *Insane Persons*. --Insane persons who, in the opinion of the court, are in an insane condition of mind at the time when they are offered as a witness, or who, in the opinion of the court, were in that condition when the events happened of which they are called to testify.

(2) *Children*. --Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

(b) *"Dead Man's Rule"* in Civil Actions. --In civil actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any oral statement by the testator, intestate or ward, unless that testimony to the oral statement is corroborated or unless the witness is called at the trial to testify thereto by the opposite party; and, the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent based in whole or in part on such oral statement. Except for the foregoing, a witness is not precluded from giving *evidence* of or concerning any transaction with, any conversations with, any admissions of, or statement by, a deceased or insane party or person merely because the witness is a party to the action or a person interested in the event thereof. The trial court shall, in a proper case, where this *rule* prohibits an interested party or witness from testifying, instruct the jury that such person is not permitted by the law to give *evidence* relating to any oral statement by the deceased or ward unless the oral statement is corroborated or unless the party or witness is called at the trial by the opposite party.

**Annotations**

## Notes

PUBLICATION REFERENCES. --See *Texas* Civil Trial Guide, Unit 22, *Rules* Affecting Admissibility ; *Texas* Litigation Guide, Ch. 114, *Motions in Limine*.

## Case Notes

Civil Procedure: Summary Judgment: Supporting Materials: General Overview
Civil Procedure: Summary Judgment: Supporting Materials: Affidavits
Civil Procedure: Appeals: Reviewability: Preservation for Review
Constitutional Law: Bill of Rights: Fundamental Rights: Criminal Process: Right to Confrontation
Contracts Law: Contract Interpretation: Parol *Evidence*: General Overview
Criminal Law & Procedure: Criminal Offenses: Sex Crimes: Sexual Assault: General Overview
Criminal Law & Procedure: Criminal Offenses: Sex Crimes: Sexual Assault: Abuse of Children: General Overview
Criminal Law & Procedure: Counsel: Right to Counsel: Critical Stage
Criminal Law & Procedure: Trials: Examination of Witnesses: Child Witnesses
Criminal Law & Procedure: Witnesses: General Overview
Criminal Law & Procedure: Witnesses: Credibility
Criminal Law & Procedure: Witnesses: Presentation