# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH



### NO. 2-08-365-CV

DONALD RAY WATSON                                        APPELLANT

V.

DEBORAH R. WATSON                                         APPELLEE

------------

## FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

In this restricted appeal,[1] Donald Ray Watson appeals from a post-answer default final decree divorcing him from Deborah R. Watson. In seven issues, Donald argues that the evidence is legally and factually insufficient to support those parts of the decree dividing the property and awarding spousal maintenance to Deborah, and he contends that the decree recites an incorrect

---

[1] *See* Tex. R. App. P. 30.

postjudgment interest rate. We affirm in part, reverse and render in part, and reverse and remand in part.

## Background

Donald and Deborah married in 1992. Donald filed for divorce in December 2007; Deborah filed a separate petition, and the two cases were consolidated. On January 31, 2008, an associate judge signed a report noting that Donald had failed to appear for a hearing and making several interim awards in Deborah's favor, including awards of $1,800 per month spousal maintenance and $5,000 in interim attorney's fees. The presiding judge approved the report on the same day.

The trial court held a final trial on the merits on March 25, 2008. The trial court noted on the record that Donald had again failed to appear despite having received notice of trial. Deborah offered brief testimony; it comprises fewer than six pages of the reporter's record. Concerning the parties' property and her own attorney's fees, Deborah testified as follows:

Q. And you're asking for specific divisions of property; is that correct?

A. Yes.

Q. And those are included in the decree that has been handed to the judge; is that correct?

A. Yes.

2

Q. Basically you're asking for everything that's in your possession and he keep everything that's in his possession?

A. Yes.

Q. And there are some bank accounts which you have no knowledge of; is that correct?

A. Yes.

Q. Are you asking the Court to order him to keep those bank accounts and any ensuing fees that regard that bank account -- those bank accounts?

A. Yes.

Q. There are also some doctor's bills that he has incurred that you have no knowledge of; is that correct?

A. Yes.

Q. And you're asking the Court to make him responsible for payment of all of those debts regarding any doctor's fees, any overcharges of the bank and anything dealing with those debts; is that correct?

A. Yes.

Q. There're also some other properties that you don't know anything about, and you don't want to be responsible for that, correct?

A. Yes.

Q. Are you asking the Court to approve the decree that's been shown to the judge and to order all of the division of property and division of debt as requested –

A. Yes.

Q. -- and as -- and as delineated in the decree?

3

A. Yes.

. . . .

Q. There are also some orders regarding attorney's fees and court costs, and you're asking the court to approve and order those; is that correct?

A. Yes.

The only exhibit Deborah offered was a letter notifying Donald of the trial and a certified mail receipt showing he received the letter.

Immediately after Deborah's last answer recited above, the trial court stated the following ruling on the record:

> All right. Based upon a review of the file and based upon Respondent's Exhibit 1 that is admitted in this cause, which is the notice letter to Mr. Watson, the Court approves the final decree presented to me this morning finding that the decree results [in]: One, a dissolution of the parties' marriage and a just and right division of the estate.
>
> Again, the divorce is granted, and it's rendered effective today.

The trial court then signed a final decree of divorce—presumably the one submitted by Deborah—that confirmed certain property as Deborah's separate property; divided the marital estate and debts; awarded Deborah a $15,000 judgment against Donald; ordered Donald to pay Deborah $1,800 per month in spousal maintenance until April 1, 2011, or Deborah's death or remarriage and awarded Deborah a judgment for $3,600 for unpaid interim maintenance; awarded Deborah's attorney a judgment against Donald for $5,000 through trial

4

and awarded Deborah a judgment for additional attorney's fees on appeal if Donald pursued an unsuccessful appeal; and recited that all sums awarded by the decree would accrue postjudgment interest at the rate of ten percent per annum compounded annually. The decree's marital property division disproportionately favored Deborah, awarding her all of the property in her name and possession and half of some property in Donald's name and possession, including various retirement accounts.

Donald filed untimely motions for new trial and to extend appellate deadlines; the trial court denied both motions. Donald then filed notice of this restricted appeal.

### Restricted Appeal

To prevail in a restricted appeal, an appellant must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment or order was signed; (2) appellant was a party to the suit who did not participate in the hearing that resulted in the judgment or order; (3) appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule 26.1(a); and (4) the complained-of error is apparent from the face of the record. Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* Tex. R. App. P. 26.1(c). Only the fourth element—error apparent on the face of the record—is at issue here. The face of the record, for

5

the purpose of a restricted appeal, consists of all papers on file in the appeal, including the reporter's record. *Norman Comms., Inc. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (holding review on restricted appeal may include legal and factual sufficiency of evidence issues).

**Legal and Factual Sufficiency**

In his first through fourth and sixth issues, Donald argues that the evidence is legally and factually insufficient to support the trial court's division of community property and debt, the judgments against Donald, the award of Deborah's attorney's fees, the confirmation of Deborah's separate property, and the award to Deborah of postdecree spousal maintenance. In his fifth issue, he argues that Deborah failed to overcome the presumption against the award of postdecree spousal maintenance.

**1.     Standard of Review**

A trial judge is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (Vernon 2006); *Moroch v. Collins*, 174 S.W.3d 849, 855 (Tex. App.—Dallas 2005, pet. denied). The court has broad discretion in making its just and right division, and absent a clear abuse of discretion, we will not disturb that division. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Boyd v. Boyd*, 131 S.W.3d 605, 610 (Tex. App.—Fort Worth 2004, no pet.).

6

In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Boyd*, 131 S.W.3d at 611. Accordingly, to determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we engage in a two-pronged inquiry: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Id.*; *see also Moroch*, 174 S.W.3d at 857. The applicable sufficiency review comes into play with regard to the first question. *Boyd*, 131 S.W.3d at 611.

Evidence is legally insufficient only when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); *see City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In determining the legal sufficiency of evidence, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *City of Keller*,

168 S.W.2d at 827. We must review all the evidence in the light most favorable to the finding. *Id.; Diamond Shamrock Ref. Co., L.P. v. Hall*, 168 S.W.3d 164, 170 (Tex. 2005).

When there is no evidence or insufficient evidence to support the property division or an award of attorney's fees, we must reverse and remand for a new trial. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.). When there is no evidence or insufficient evidence to support a spousal maintenance claim, a trial court abuses its discretion by granting spousal maintenance. *Dunn v. Dunn*, 177 S.W.3d 393, 397 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

The standard of review of a sufficiency issue is heightened when the burden of proof at trial is clear and convincing evidence. *In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002); *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). A party who seeks to assert the separate character of property must prove that character by clear and convincing evidence. Tex. Fam. Code Ann. § 3.003(b) (Vernon 2006). Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Civ. Prac. & Rem. Code Ann § 41.001(2) (Vernon 2008); Tex. Fam. Code Ann. § 101.007 (Vernon 2008); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 31 (Tex. 1994). In a legal sufficiency review of a finding that property is separate in character,

8

we review all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *In re J.F.C.*, 96 S.W.3d at 266.

Technically, there can be no default judgment in a divorce action. *Roa v. Roa*, 970 S.W.2d 163, 165 n.2 (Tex. App.—Fort Worth 1998, no pet.). Even when a respondent fails to file an answer to a petition seeking divorce, the petitioner is required to prove the allegations at the final hearing on the case because a petitioner's allegations are not taken as confessed by a respondent's failure to answer. *Id.*

### 2. Analysis

Donald argues that the evidence presented at trial—Deborah's five pages of testimony—contains no evidence concerning the size of or assets in the community estate, the value or extent of Deborah's separate property, the value of the property or debt awarded to either party, any basis for the disproportionate award in favor of Deborah, any basis for determining whether the trial court made a just and right division of the marital property and debts, Deborah's eligibility for postdecree spousal maintenance, and the reasonableness and necessity of Deborah's attorney's fees.

This case is similar to *O'Neal v. O'Neal*, 69 S.W.3d 347 (Tex. App.—Eastland 2002, no pet.). There, as here, only the appellee presented testimony at trial, and his testimony comprised just four pages. *Id.* at 349. As

9

he testified, the appellee referred to the proposed decree he had submitted to the trial court and testified that the division of the parties' assets and debts as set out in the proposed decree was "fair and equitable." *Id.* at 350. The court of appeals held that the trial court abused its discretion by dividing the marital estate because

> [t]here is no evidence in the record of the value of any of the property divided by the trial court. The real property is described in the decree by a legal description. There is no evidence as to improvements, if any, located on the land. There is no evidence that the real property was appellee's separate property.

*Id.* The court of appeals affirmed the divorce but reversed the property division and remanded the case for a new trial. *Id.*

The similar lack of evidence in our case compels a similar result. There is no evidence of the extent or value of the marital estate or debts. There is no evidence to support a disproportionate division of the community estate. *See Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.—Eastland 2008, no pet.) ("A disproportionate division must have a reasonable basis."). There is no evidence, let alone clear and convincing evidence, to overcome the community property presumption and confirm certain property as Deborah's separate property. *See* Tex. Fam. Code Ann. § 3.003. There is no evidence to support the trial court's award of attorney's fees to Deborah through trial or on appeal. There is no evidence to support the trial court's award of $15,000 to Deborah. There is no evidence to support the trial court's award of $3,600 to Deborah for unpaid

10

spousal maintenance due under the associate judge's report. There is no evidence to support the award of postdecree spousal maintenance or overcome the presumption against such an award. *See id.* §§ 8.051–.053 (Vernon 2006) (setting out evidentiary requirements for maintenance award and establishing presumption against maintenance). In short, there is no evidence to support any part of the final decree except the provision granting the parties' divorce, which Donald does not contest.

Deborah argues that the awards in the final decree "are nearly identical" to those in the associate judge's report and that the report is some evidence that supports the trial court's final decree. In the absence of a written request for a trial de novo, a referring court may adopt an associate judge's findings of fact, conclusions of law, and proposed order or judgment. *Id.* §§ 201.005(a), 201.014(a) (Vernon 2008). Three of the associate judge's awards and orders—the awards of spousal maintenance and attorney's fees and the order that Donald pay $15,000 to a mortgage company—appear at first glance "nearly identical" to provisions in the final decree. But closer inspection reveals that the associate judge's report concerned only *interim* relief—interim possession of marital property, interim payment of debts, interim spousal maintenance, and interim attorney's fees. The report says nothing about final division of the marital estate and debts, confirmation of separate property, or attorney's fees on appeal. Moreover, the final decree orders Donald to pay

11

$15,000 to Deborah, not to a mortgage company. Thus, to the extent Deborah argues that the trial court merely adopted the findings, conclusions, and proposed judgment of the associate judge, the differences between the associate judge's report and the final decree prove otherwise. Likewise, to the extent that Deborah argues the associate judge's report is itself "evidence," the report cannot support the final decree because of the fundamentally different relief awarded by the two documents.

We hold that because Deborah presented no evidence concerning the parties' marital assets and debts; her own separate property; or her entitlement to spousal maintenance, attorney's fees, and money judgments, the trial court lacked sufficient evidence upon which to exercise its discretion with regard to these matters. *See Moroch*, 174 S.W.3d at 857; *Boyd*, 131 S.W.3d at 611. This error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Alexander*, 134 S.W.3d at 848. We therefore sustain Donald's first, second, third, fourth, and sixth issues. Moreover, because Deborah failed to present any evidence to rebut the presumption that she is not entitled to spousal maintenance, we hold that the trial court abused its discretion by failing to render a take-nothing judgment on her postdecree maintenance claim, and we sustain Donald's fifth issue. *See Temple ISD v. English*, 896 S.W.2d 167, 169 (Tex. 1995) (holding a presumption requires a finder of fact to reach a particular conclusion in the absence of contrary evidence).

**Postjudgment Interest**

In his seventh issue, Donald argues that the trial court erred by reciting a postjudgment interest rate of ten percent per annum instead of six percent in the final decree. Deborah concedes that the trial court so erred. We therefore sustain Donald's seventh issue.

**Conclusion**

Having sustained all of Donald's issues, we affirm only that part of the final decree that grants the parties' divorce. We reverse the remainder of the final decree, render judgment that Deborah take nothing by her spousal maintenance claim, and remand the case for a new trial.

ANNE GARDNER
JUSTICE

PANEL: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: April 30, 2009

13