

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00038-CV

KALSOOM AHMAD                                                     APPELLANT

V.

ISHFAQ AHMAD                                                    APPELLEE

----------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 324-494783-11

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Kalsoom Ahmad appeals from the trial court's final divorce decree. In a single issue, Kalsoom complains that the trial court abused its discretion in its division of the parties' marital estate. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Kalsoom and Appellee Ishfaq Ahmad were married in Pakistan in 1987. The parties were married for twenty-six years and had two children who are now adults. They separated in April 2011. Ishfaq filed for divorce, and Kalsoom filed a counter-petition for divorce.

The case was tried to the bench on January 3, 2013. Ishfaq testified that he had been employed as a professor at the University of Texas at Arlington for eleven years at the time of trial, earning an annual salary of approximately $150,000. He further testified that he has a Bachelor's degree in Electrical Engineering, a Master's degree in Computer Engineering, and a Ph.D. in Computer Science, the latter two of which were acquired in the United States.

Kalsoom testified that she was not employed at the time of trial. She was last employed from 1988 to 1992 as a research assistant at Onondaga Community College in Syracuse, New York, and before that as secretary to the Chairman of the Microbiology Department at the State University of New York Health Science Center. Kalsoom has a Bachelor's degree from the University of Punjab in Pakistan and a Bachelor of Arts in English Literature and Political Science earned in the United States, and at the time of trial, she was pursuing a Master's degree in Education at the University of Texas at Arlington.

Kalsoom suffers from hyperthyroidism and depression. She testified that she had debts totaling over $145,000, consisting of medical bills, attorney's fees, and other personal obligations.

2

The parties' marital estate included the Ahmads' primary residence in Grand Prairie; an apartment in China; a 2011 Honda Accord; a 2002 Honda Odyssey; Ishfaq's retirement account; a life insurance policy on Ishfaq; and assorted bank accounts, credit card debts, and household belongings. According to Ishfaq's sworn inventory and appraisal, which the trial court admitted into evidence, as well as his testimony, the Grand Prairie residence was worth between $270,000 and $274,000 with a mortgage of $243,000 to $248,000; his retirement account was worth around $185,000; and his insurance policy had a current cash surrender value of $12,528.

The only contested asset was the apartment in China. Ishfaq's inventory and appraisal reflected—and he testified—that its value was between $53,000 and $56,000, with a mortgage of about $18,000, but he claimed that it is in need of expensive repairs. In support of his valuation, Ishfaq offered, and the trial court admitted, what appears to be a sales contract for the apartment and photographs of the apartment. The photographs appear to show water damage to the walls and ceiling. The contract is in Chinese and is untranslated aside from a few handwritten notes in English. In contrast to Ishfaq's valuation, Kalsoom valued the apartment at approximately $800,000. She offered no evidence supporting this appraisal other than her own testimony, and a "personal wealth analysis" report on Ishfaq, prepared by an unknown third party and admitted by the trial court only as a summary of Kalsoom's beliefs as to the extent of Ishfaq's assets.

3

The trial court awarded to Ishfaq the Grand Prairie residence and the apartment in China along with the properties' respective mortgages; the 2011 Honda Accord; his 401k account less the portion awarded to Kalsoom; his life insurance policy and benefits; financial accounts and debts in his name; and all personal and household effects in his possession. Kalsoom was awarded $150,000 of Ishfaq's retirement benefit plan; the 2002 Honda Odyssey; financial accounts and debts in her name; and all cash, personal effects, and household furnishings in her possession. The trial court further awarded Kalsoom spousal support of $1,500 per month for one year, and $750 per month for the following year. Neither party requested findings of fact and conclusions of law.

## Issue

By her single issue, Kalsoom contends that the trial court abused its discretion in awarding the Chinese apartment to Ishfaq without sufficient information on which to exercise its discretion and without any substantive or probative evidence as to its precise location and value.

## Standard of Review

A trial judge is charged with dividing the community estate in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (West 2006); *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.). The court has broad discretion in making a just and right division, and absent a clear abuse of discretion, we will not disturb that division. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *Boyd v. Boyd*, 131 S.W.3d

4

605, 610 (Tex. App.—Fort Worth 2004, no pet.). In family law cases, the traditional sufficiency standards of review overlap with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *Watson*, 286 S.W.3d at 522. To determine whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we must determine whether the trial court had sufficient evidence upon which to exercise its discretion and whether the trial court erred in its application of that discretion. *Id.* at 522–23.[2] In a bench trial, when no findings of fact or conclusions of law are filed or requested, we must presume that the trial court made all the necessary findings to support its judgment. *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996); *Byrnes v. Byrnes*, 19 S.W.3d 556, 561 (Tex. App.—Fort Worth 2000, no pet.). Consequently, if the trial court's implied findings are supported by the evidence, we must uphold its judgment on any theory of law applicable to the case. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

---

[2]The legal and factual sufficiency standards of review are well established. *See Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

5

**Applicable Law**

Community property does not have to be divided equally, but the division must be equitable. *Kimsey v. Kimsey*, 965 S.W.2d 690, 704 (Tex. App.—El Paso 1998, pet. denied). The trial court may consider the following non-exclusive factors, among others, in determining whether the division of the community estate is equitable: (1) the spouse's capacities and abilities; (2) education; (3) the relative financial conditions and obligations of the parties; (4) size of the separate estates; (5) the nature of the property; (6) disparities in earning capacities and income; (7) fault of the breakup of the marriage; and (8) any wasting of the community assets by one of the spouses. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). In determining whether to disproportionately divide the community estate, the trial court may consider a spouse's dissipation of the community estate and any misuse of community property. *Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ denied). A disproportionate division must be supported by some reasonable basis. *Smith v. Smith*, 143 S.W.3d 206, 214 (Tex. App.—Waco 2004, no pet.).

**Discussion**

First, Kalsoom complains that the trial court had insufficient information upon which to exercise its discretion in evaluating the residence in China. Kalsoom asserts that the evidence was insufficient to locate, let alone value, the residence. She contends that: (1) it is unclear how the untranslated Chinese contract relates to the residence; (2) the address Ishfaq assigns to the residence

6

does not exist; and (3) Ishfaq's appraisal of the residence contradicts his list of repairs.

Available to the trial court was the parties' testimony regarding the property in China, Ishfaq's inventory and appraisal, the contract for the property, photographs of the property, and Kalsoom's valuation. The trial court was free to assign the weight to be given the parties' testimony, accept or reject all or any part of their testimony, and resolve any conflicts or inconsistencies. *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.) ("'[W]e may not pass upon the credibility of the witnesses or substitute our judgment for that of the trier of fact, even if a different answer could be reached upon review of the evidence.'" (quoting *Rich v. Olah,* 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.))). Consequently, we conclude that the trial court had sufficient information upon which to exercise its discretion.

Kalsoom also complains that, although she participated in the trial pro se after her attorney had withdrawn, she made every attempt to demonstrate her inability to obtain information regarding the Chinese apartment, but the trial court excluded as hearsay evidence of her efforts, which consisted of a series of emails between her and real estate agents in Hong Kong regarding valuations of the apartment. Absent that evidence, Kalsoom argues, she could only conclude

that an apartment in the area of Hong Kong that was indicated by its address would sell for over $750,000 based on similar property sales.[3]

Kalsoom also contends that the trial court's decision to award the residence in China to Ishfaq caused a manifestly unfair and unjust result. She argues that the trial court failed to consider several important factors—such as the disparity between the parties with respect to education, income, and earning potential—in determining a just and right division of the estate.

Because no findings of fact and conclusions of law were requested, we must presume the trial court made all necessary findings to support its judgment, and if the trial court's implied findings are supported by the evidence, we must affirm the judgment of the trial court if it can be upheld on any legal theory supported by the evidence. *Worford,* 801 S.W.2d at 109; *see Roberts v. Roberts*, 999 S.W.2d 424, 435 (Tex. App.—El Paso 1999, no pet.) ("[A]ppellant cannot demonstrate that a trial court abused its discretion in making a just and right division of the community estate without being able to quantify the size of the community pie or just how large a slice each spouse was served . . . ."). According to Ishfaq's testimony and inventory and appraisal, the apartment in China was valued between $53,000 and $56,000, with a mortgage of

---

[3]Kalsoom states in her brief that she is not contending that the trial court should have adopted this figure as the proper valuation of the apartment but that the trial court was left to speculate as to the value of the apartment because the trial court did not have sufficient probative evidence before it to exercise its discretion to evaluate the property at all.

approximately $18,000. We conclude the trial court accepted Ishfaq's valuation, and considering both the assets and the liabilities awarded to the parties, Ishfaq received a negative net equity value, while Kalsoom received a positive net equity value. And while Ishfaq's income and earning potential are greater, Kalsoom was enrolled in a post-graduate program at the time of trial, and she testified that she expected to graduate and obtain a teaching certificate within one or two years. Thus, particularly in light of the two years of spousal support the court awarded Kalsoom, we cannot say that the trial court abused its discretion in its division of the parties' marital estate.

## Conclusion

Having overruled Kalsoom's sole issue, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

LIVINGSTON, C.J., concurs without opinion.

DELIVERED: July 17, 2014

9