

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-16-00431-CV

IN THE INTEREST OF B.C., A
CHILD

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 16-05188-362

----------

## MEMORANDUM OPINION[1]

----------

In this restricted appeal, Appellant M.M. (Mother) challenges the trial

court's default judgment in the underlying suit affecting the parent-child

---

[1]*See* Tex. R. App. P. 47.4.

relationship (SAPCR). Because Mother has failed to present an error that is apparent from the face of the record, we affirm.

## I. BACKGROUND

On June 30, 2016, P.T. (Grandmother) filed an original SAPCR seeking to be appointed as the sole managing conservator of B.C., who, according to the petition, was eighteen months old. The petition alleged that B.C. was the child of H.C. (Father) and Mother. The petition further alleged that Grandmother had standing to file the SAPCR because she had had care, custody, and control over B.C. for the requisite period required by the family code. See Tex. Fam. Code Ann. § 102.003(9) (West Supp. 2016) (conferring standing to file an original SAPCR upon "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition"). With regard to the issue of conservatorship over B.C., Grandmother's petition alleged as follows:

> The appointment of the parents as joint managing conservators would not be in the best interest of [B.C.]. The appointment of the parents as joint managing conservators will impair the emotional welfare and physical well-being of [B.C.]. It is in the best interest of [B.C.] that [Grandmother] be appointed sole managing conservator of [B.C.].
>
> [Father and Mother] have a history or pattern of child neglect directed against [B.C.]. [Grandmother] requests that the Court render a possession order that provides that [Father and Mother's] periods of visitation be continuously supervised by an entity or person chosen by the Court.

2

Mother was served with the suit on July 11, 2016, and Father filed a waiver of service on July 29, 2016. Neither Father nor Mother filed an answer. The trial court called the case on August 8, 2016, and it entered its final order the same day. The order reflects that Mother, "although duly and properly notified, did not appear and wholly made default." The order also reflects that Father had waived issuance and service of citation and that he agreed to the terms of the final order, as evidenced by his signature indicating that he approved the order "as to form and content." The order states that a record of the testimony was waived. Finding that it was in B.C.'s best interest, the trial court appointed Grandmother as B.C.'s sole managing conservator and appointed Father and Mother as parent possessory conservators.

With respect to Mother's possession of and access to B.C., the trial court's order provides as follows:

> Considering [B.C.'s] age, developmental status, circumstances, needs and the best interest of [B.C.] along with the circumstances of [Mother and Father], the Court **finds** that that the limited possession and access provided by this order does not exceed the restrictions needed to protect the best interest of the child.
>
> IT IS ORDERED that the primary residence of the child, [B.C.], shall be the residence of [Grandmother]. [Grandmother] shall have the superior rights of possession of [B.C.] at all times.
>
> IT IS ORDERED that [Mother] shall have possession of and access to [B.C.] at all times mutually agreed upon in advance by [Mother] and [Grandmother].
>
> . . . .

IT IS ORDERED that if at any time [Grandmother] determines that supervised access between [B.C.] and either [Father or Mother] is in the child's best interest, then [Grandmother] may designate an appropriate adult to supervise the possession or access to [B.C.] at such time as the parties may mutually agree.

## II. RESTRICTED APPEAL

Mother attempts a restricted appeal from the trial court's final order. *See* Tex. R. App. P. 30. To prevail in her restricted appeal, Mother must show that (1) she filed a notice of appeal within six months of the date the complained-of judgment was signed; (2) she was a party to the suit but did not participate in the hearing that resulted in the judgment; (3) she did not timely file a postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule of appellate procedure 26.1(a); and (4) the complained-of error is apparent from the face of the appellate record. *See* Tex. R. App. P. 26.1(c), 30; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.); *see also Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (stating restricted appeal requirements should be "liberally construed"). The only element at issue in this appeal is whether error is apparent on the face of the record.

In what we construe as a single issue, Mother contends that the face of the record demonstrates the trial court erred by ordering that she "shall have possession of and access to [B.C.] at all times mutually agreed upon in advance by [her] and [Grandmother]." Mother argues that order is an abuse of discretion

4

because it gives Grandmother complete discretion over Mother's visitation rights. A trial court's possession and visitation determinations are reviewed for an abuse of discretion. *Halleman v. Halleman*, 379 S.W.3d 443, 447 (Tex. App.—Fort Worth 2012, no pet.). Under that standard, an appellate court will not disturb the trial court's possession or visitation decisions unless the trial court acted without reference to any guiding rules or principles in making them—unless, in other words, those determinations were arbitrary or unreasonable. *See id.*

Mother bases her argument that the trial court's possession order was an abuse of discretion entirely upon a portion of our decision in *Conn v. Rhodes*, No. 02-08-00420-CV, 2009 WL 2579577, at *4 (Tex. App.—Fort Worth Aug. 20, 2009, no pet.) (mem. op.). In *Conn*, the trial court had entered a possession order that "the conservators shall have possession of the child at times *mutually agreed* to in advance by the parties." *Conn*, 2009 WL 2579577, at *3 (emphasis in original). Like Mother here, the appellant in *Conn* argued the trial court erred by entering that possession order because it gave the child's managing conservator complete discretion over the appellant's visitation rights. *Id.* Mother quotes the following portion of our *Conn* opinion:

> A trial court may not give one parent the unbridled discretion, unenforceable by contempt, to decide whether the other parent may have access to, or possession of, their children. Thus, when a court places restrictions or conditions on a conservator's possession rights, the court must specifically define those terms in its decree. The judgment must state, in clear and unambiguous language, what is required for the conservator to comply, and the terms must be specific enough to permit the conservator to enforce the judgment by contempt.

5

*Id.* at \*4 (citations omitted). Mother argues this portion of our *Conn* opinion supports her contention that the trial court's possession order gives Grandmother the unrestrained discretion to completely deny her possession of B.C.

But in *Conn* itself, we concluded the opposite. We concluded the trial court's possession order providing that "the conservators shall have possession of the child at times mutually agreed to in advance by the parties" did not

> subject [the appellant's] visitation to [the managing conservator's] complete discretion, nor [did] it deprive [the appellant] of possession altogether. If [the managing conservator] obstructs possession or is unreasonable with respect to arranging times for [the appellant's] visitation with the child, [the appellant] can appear before the trial court to request specific, workable terms for visitation.

*Id.* And we ultimately held that possession order was not an abuse of discretion. *Id.* (holding "the trial court did not abuse its discretion by making [appellant's] visitation schedule subject to the parties' mutual agreement"). Mother has presented no argument why a different result should obtain with respect to the nearly identical possession order here. We conclude, therefore, that Mother has failed to show the trial court abused its discretion by making her visitation schedule subject to the parties' mutual agreement. *See id.* Accordingly, Mother has failed to present error that is apparent from the face of the record. *See Watson*, 286 S.W.3d at 522. We overrule Mother's sole issue.

### III. CONCLUSION

Having overruled Mother's sole issue, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

6

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  October 26, 2017