

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00349-CV

IN THE MATTER OF THE MARRIAGE OF BRIANA SERBIN AND
RICKY SERBIN AND IN THE INTEREST OF R.R.S.J., A CHILD

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-528,187, Honorable John J. "Trey" McClendon III, Presiding

February 20, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is a restricted appeal of a default divorce decree. Appellee, Briana Serbin, filed for divorce and appellant, Ricky Serbin, was served by publication. Ricky[1] asserts that the trial court failed to comply with the requirements of Rule 244 of the Texas Rules of Civil Procedure. We reverse and remand.

---

[1] For the sake of clarity, we will refer to the parties by their first names.

## Background

On November 20, 2017, Briana filed her petition for divorce and suit affecting parent-child relationship listing a specific residence address for Ricky in Lubbock County. Her petition includes a request that citation and notice issue as required by law. Citation was issued, and the next day, the Lubbock County Sheriff's Office attempted to serve Ricky at the address listed in the petition. On March 22, 2018, the return was filed with the notation, "Attempted service – House was vacant – Recalled."

On May 23, 2018, Briana filed a motion for citation by publication and an affidavit in support of motion for substituted service. In her affidavit, she stated her attempts to serve Ricky were unsuccessful, and after exercising due diligence, his residence was unknown to her. The trial court approved Briana's request for citation by publication. The record includes the Lubbock County District Clerk's return stating that the citation was published in *The Idalou Beacon*. The record also includes an affidavit by the publisher of *The Idalou Beacon*, stating that *The Idalou Beacon* included the citation in its publication on June 15, 2018.

Ricky did not file an answer or otherwise appear in opposition to the divorce. On August 15, 2018, the trial court entered by default a final divorce decree. The trial court did not appoint an attorney to represent Ricky, and Ricky did not participate in any hearing. No written statement of evidence approved and signed by the trial court judge was filed with the papers of this cause. On October 9, 2018, Ricky filed his notice of restricted appeal.

Analysis

Restricted Appeal

A restricted appeal is a procedural device available to a party that did not participate, either in person or through counsel, in a proceeding that resulted in a judgment against the party. *See* TEX. R. APP. P. 30; *Beam v. Beam*, No. 07-15-00250-CV, 2017 Tex. App. LEXIS 4261, at *5 (Tex. App.—Amarillo May 10, 2017, no pet.) (mem. op.). It constitutes a direct attack on a default judgment. *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.—El Paso 2008, no pet.). A party may prevail in a restricted appeal only if the following conditions are satisfied: (1) a notice of restricted appeal was filed within six months after the judgment was signed; (2) appellant was a party to the underlying lawsuit who did not participate in the hearing that resulted in the judgment; (3) appellant did not timely file a post-judgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under Rule 26.1(a) of the Texas Rules of Appellate Procedure; and (4) error is apparent from the face of the record. *See* TEX. R. APP. P. 30; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

There is no question that Ricky meets the first three requirements of a restricted appeal. The record before us shows that Ricky timely filed his notice of restricted appeal, he was a party to the suit below, and he did not participate in the trial. The only issue is whether error is apparent on the face of the record. The face of the record, for the purpose

of a restricted appeal, consists of all papers on file in the appeal, including the reporter's record.  *Watson*, 286 S.W.3d at 522.

Ricky contends that the default judgment should be set aside because the trial court failed to comply with Rule 244 of the Texas Rules of Civil Procedure, which requires appointment of an attorney to represent him, and a statement of the evidence, where service is made by publication.

Citation by Publication

Section 6.409 of the Family Code governs citation by publication in divorce cases and provides the following:

> § 6.409 Citation by Publication
>
> (a) Citation in a suit for dissolution of a marriage may be by publication as in other civil cases, except that notice shall be published one time only.
>
> . . .
>
> (c) The form authorized in this section and the form authorized by Section 102.010[2] may be combined in appropriate situations.
>
> . . .
>
> (e) . . . In a case in which citation was by publication, a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the suit as a part of the record.

TEX. FAM. CODE ANN. § 6.409 (West 2006).

Because section 6.409(a) states that citation in a divorce suit may be by publication "as in other civil cases, except that notice shall be published one time only[,]" we next

---

[2] Section 102.010 provides for service of citation by publication in a suit affecting the parent-child relationship.  The record indicates that the suit for divorce in this case also included a suit affecting the parent-child relationship.  The form of the citation in this case was combined as contemplated by § 6.409(c).

consider Texas Rule of Civil Procedure 244, which applies where citation is made by publication. Rule 244 provides for the appointment of "an attorney to defend the suit in behalf of the defendant," and has a requirement similar to section 6.409(e)'s "statement of evidence" requirement where service has been made by publication and the defendant has failed to appear:

> Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof. The court shall allow such attorney a reasonable fee for his services, to be taxed as part of the costs.

TEX. R. CIV. P. 244.

Rule 244 thus provides two procedural safeguards where service has been made by publication and no answer has been filed or appearance made: (1) the trial court must appoint an attorney to defend the suit, and (2) a statement of the evidence, approved and signed by the judge, must be filed as part of the record. *See id.; Jones v. Jones,* No. 09-06-00238-CV, 2007 Tex. App. LEXIS 6461, at *4 (Tex. App.—Beaumont Aug. 16, 2007, no pet.) (mem. op.).

Because service was made by publication, and Ricky failed to answer or make an appearance, the trial court was required under Rule 244 to (1) appoint an attorney on Ricky's behalf to defend the suit, and (2) approve and sign a statement of evidence to be filed as part of the record. *See id.* The failure to strictly comply with both requirements of Rule 244 is reversible error. *Montgomery v. R.E.C. Interests, Inc.,* 130 S.W.3d 444, 447 (Tex. App.—Texarkana 2004, no pet.).

5

Here, the clerk's record does not contain an order appointing an attorney for Ricky, nor does it contain a statement of the evidence.  As such, the record reflects error on its face.  In the absence of compliance with Rule 244, the default judgment entered in this cause cannot stand.  We sustain Ricky's issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Judy C. Parker
Justice