**Opinion issued July 2, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00332-CV**
_____

**JOSHUA NEAL ECKHARDT, Appellant**

**V.**

**ANGELICA PATRICIA ECKHARDT, Appellee**

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-11071**

---

## O P I N I O N

This appeal concerns the division of property between divorcing spouses. Joshua Eckhardt contends that the trial court erred by characterizing a house and an individualized retirement account as community property rather than as his separate property. We affirm.

## Background

Angelica Eckhardt filed for divorce from Joshua Eckhardt after approximately 9 years of marriage. Joshua filed a counterpetition for divorce, claiming ownership of certain separate property not part of the community estate and requesting the trial court confirm that property as his separate property.

The case proceeded to trial. The couple had no children; their dispute concerned the division of property only. The focus of the trial was the distribution of marital property, specifically two houses, the "Brisk Spring" house and the "Walnut Glen" house, and an individualized retirement account held at JPMorgan ("IRA" or "JPMorgan IRA"). Both parties testified at trial.

After trial, the trial court determined the just and right property division. From the community estate, the trial court awarded Angelica the Brisk Spring house and ordered that she was responsible for the balance due on its mortgage. The trial court awarded Joshua the Walnut Glen house from the community estate and ordered that he was responsible for the balance of its mortgage. The court ordered that the parties equally split the funds in the JPMorgan IRA. The court allocated other assets and debts of the community estate to each party. These are not in dispute. The court confirmed that several home furnishings were Angelica's separate property and that an orange sofa and a sword stand were Joshua's separate property.

## Standard of Review

In family law cases in which the appellate standard of review is abuse of discretion, legal and factual sufficiency of the evidence are not independent grounds for asserting error but are instead relevant factors in assessing whether the trial court abused its discretion. *Kelly v. Kelly*, 634 S.W.3d 335, 346 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Syed v. Masihuddin*, 521 S.W.3d 840, 847 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In determining whether an abuse of discretion exists because the trial court's decision is not supported by legally or factually sufficient evidence, we consider whether the trial court had sufficient information upon which to exercise its discretion and whether it erred in its application of that discretion. *Kelly*, 634 S.W.3d at 346.

When conducting a legal sufficiency review, we review the evidence in a light favorable to the finding, crediting favorable evidence if a reasonable factfinder could do so and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Syed*, 521 S.W.3d at 847 n.4. If the evidence would enable reasonable and fair-minded people to differ in their conclusions, then the factfinder must be allowed to decide. *Syed*, 521 S.W.3d at 847 n.4; *see City of Keller*, 168 S.W.3d at 827 ("The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review."). As

long as the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the factfinder. *Syed*, 521 S.W.3d at 847 n.4.

The standard of review for evidentiary sufficiency is heightened when the burden of proof at trial is clear and convincing evidence. *See In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002); *Watson v. Watson*, 286 S.W.3d 519, 523 (Tex. App.—Fort Worth 2009, no pet.). "Clear and convincing evidence" is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Watson*, 286 S.W.3d at 523; TEX. FAM. CODE § 101.007. A spouse seeking to establish the separate character of property must prove the property's character by clear and convincing evidence. TEX. FAM. CODE § 3.003(b); *Watson*, 286 S.W.3d at 523.

In a legal sufficiency review of a finding concerning the separate character of property, we review all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *Watson*, 286 S.W.3d at 523; *see Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.) ("While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed."). In reviewing the evidence for factual sufficiency, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Boyd*,

4

131 S.W.3d at 611. We determine whether, based on the entire record, a factfinder could reasonably form a firm belief or conviction that the allegations were proven. *Id.*

The factfinder is the only judge of testimonial weight. *Willis v. Willis*, 533 S.W.3d 547, 556 (Tex. App.—Houston [14th Dist.] 2017, no pet.). When the testimony of witnesses is conflicting, we will not disturb the credibility determinations made by the factfinder, and we presume that the factfinder resolved any conflicts in favor of the verdict. *Syed*, 521 S.W.3d at 848.

## Characterization of Property

On appeal, Joshua argues that the trial court erred when it incorrectly categorized the JPMorgan IRA and the Walnut Glen house as community property. We disagree.

## A. Governing Law

In a divorce decree, the trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE § 7.001. Each spouse bears the burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just and right division. *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.). We review the trial court's rulings on the property division for an abuse of

5

discretion. *Id.*; *Willis*, 533 S.W.3d at 551 ("We will not disturb the property division on appeal unless the appellant demonstrates that the trial court clearly abused its discretion by a division or an order that is manifestly unjust and unfair.").

The trial court has wide latitude in dividing the community estate, and we presume that the court properly exercised its discretion. *Fuentes*, 555 S.W.3d at 162; *Roberts v. Roberts*, 531 S.W.3d 224, 232 (Tex. App.—San Antonio 2017, pet. denied). The trial court abuses its discretion in dividing the community estate if insufficient evidence supports the division. *Fuentes*, 555 S.W.3d at 162.

A spouse's separate property consists of (1) the property owned or claimed by the spouse before marriage; (2) the property acquired by the spouse during marriage by gift, devise, or descent; and (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. TEX. CONST. art. 16, § 15; TEX. FAM. CODE § 3.001; *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977) ("The nature of property is fixed by the Texas Constitution, and not by what is 'just and right.'"). The trial court lacks authority to divest a spouse of separate property. *Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011) (per curiam); *Viera v. Viera*, 331 S.W.3d 195, 204 (Tex. App.—El Paso 2011, no pet.). "If the trial court mischaracterizes a spouse's separate property as community property and awards

6

some of the property to the other spouse, then the trial court abuses its discretion and reversibly errs." *Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Community property consists of the property, other than separate property, acquired by either spouse during the marriage. TEX. FAM. CODE § 3.002. We presume that property possessed by either spouse during or on dissolution of the marriage is community property. TEX. FAM. CODE § 3.003(a); *Villalpando v. Villalpando*, 480 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The spouse seeking to establish that property is separate property must establish the separate character of the property by clear and convincing evidence. TEX. FAM. CODE § 3.003(b); *Pearson*, 332 S.W.3d at 364 ("All property acquired during a marriage is presumed to be community property, and the burden is placed on the party claiming separate property to prove otherwise . . . ."); *Sink v. Sink*, 364 S.W.3d 340, 344 (Tex. App.—Dallas 2012, no pet.) ("[A] party who seeks to assert the separate character of property must prove that character by clear and convincing evidence.").

Generally, whether property is separate or community property is determined by its character at inception. *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001); *Leax v. Leax*, 305 S.W.3d 22, 33 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *McClary v. Thompson*, 65 S.W.3d 829, 834 (Tex. App.—Fort

7

Worth 2002, pet. denied) ("Most forms of property, including real estate, life insurance policies, and stock options, have been characterized as community or separate based upon their character at inception."). "Inception of title occurs when a party first has a right of claim to the property by virtue of which title is finally vested." *Sharma*, 302 S.W.3d at 360.

The mischaracterization of separate property as community property is not subject to a harm analysis because divestiture of separate property constitutes reversible error. *West v. West*, No. 01-14-00350-CV, 2016 1719328, at *4 (Tex. App.—Houston [1st Dist.] Apr. 28, 2016, no pet.) (mem. op.); *McElwee v. McElwee*, 911 S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 1995, writ denied). If reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *West*, 2016 1719328 at *4; *McElwee*, 911 S.W.2d at 189.

## B. Analysis

### 1. JPMorgan IRA

Joshua argues that the trial court abused its discretion by deciding that the JPMorgan IRA was community property. He argues that approximately $93,000 of the total $215,000 in the account at the end of the marriage was his separate property. Angelica responds that Joshua failed to meet his burden to establish by

clear and convincing evidence that $93,000 of the JPMorgan IRA was his separate property. We agree.

Joshua testified that as of May 2022 his JPMorgan IRA had a value of $215,464.33. He claimed that the account was a successor account to a Fidelity account he owned before marriage. He testified that $92,844.28 of the balance in the JPMorgan IRA was his separate property and that the funds had originated in the Fidelity account. He stated that he first opened a 401(k) account in 2004 with an employer. As he moved jobs, he rolled the 401(k) into new accounts. He testified that $92,844.28 was moved from Fidelity into the IRA held at JPMorgan. Joshua provided a Fidelity statement from April 2013, the month before he married Angelica, showing a 401(k) balance of $92,844.28.

"Separate property retains its character through a series of exchanges so long as the spouse asserting separate ownership can overcome the community property presumption by tracing the assets on hand during the marriage back to property that, because of its time and manner of acquisition, is separate in character." *Kelly*, 634 S.W.3d at 358. "Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property." *Id.* (quoting *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex. App.—Austin 2002, pet. denied). "[C]onclusory or uncorroborated testimony that funds are separate property is

9

insufficient to rebut the community presumption, unless there is also evidence that traces the funds." *In re Marriage of Born,* No. 06-08-00066-CV, 2009 WL 1010876, at *5 (Tex. App.—Texarkana Apr. 16, 2009, no pet.) (mem. op.). "The burden of tracing is a difficult, but not impossible burden to sustain." *Id.* at *2. "Courts have no difficulty in following separate funds through bank accounts." *Id.* at *3. Testimony of a spouse seeking to overcome the community presumption need not be corroborated to meet the clear and convincing burden of proof. *Kelly*, 634 S.W.3d at 351. But a party's unsupported and contradicted testimony may not meet the clear and convincing standard. *Id.*

Joshua did not effectively trace the approximately $93,000 balance from April 2013 in the Fidelity account to the JPMorgan IRA balance in 2022. He provided no corroborating evidence to demonstrate a connection between the balance in the Fidelity account he owned before marriage and the JPMorgan IRA that existed at the time of divorce. "When a trial court is left to speculate, based on testimony and spotty records, what part of an account is original separate-property principal and what part is community, the community presumption prevails." *Matter of Marriage of Nash*, 644 S.W.3d 683, 698 (Tex. App.—Texarkana 2022, no pet.). Joshua did not rebut the community property presumption by clear and convincing evidence, and the trial court did not abuse its discretion in characterizing the IRA as community property.

10

## 2. Walnut Glen House

Joshua also contends that the court erred by categorizing the Walnut Glen house as community property. Joshua argues that the house is separate property because it was a gift from his mother. While there is some testimony supporting that the property was a gift, the trial court did not abuse its discretion in concluding that Joshua did not overcome the community property presumption by establishing by clear and convincing evidence that the house was a gift from his mother.

We start with the presumption that all property possessed during marriage is community property. TEX. FAM. CODE § 3.003(a). Joshua had the burden to rebut this presumption by establishing the separate character of the house by clear and convincing evidence. *See id.* § 3.003(b). Joshua argued that the house was separate property because it was a gift from his mother. He offered the deed, which did not list Angelica, as evidence of the gift. A gift is a voluntary transfer of property to another made gratuitously and without consideration. *Seitz v. Seitz*, 608 S.W.3d 272, 277 (Tex. App.—Houston [1st Dist.] 2020, no pet.). Property acquired during marriage by gift constitutes separate property. TEX. FAM. CODE § 3.001. To establish the existence of a gift, the party must prove three elements: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Seitz*, 608 S.W.3d at 277.

11

Joshua testified that he moved into the Walnut Glen property with his mother, along with his first wife and daughter, in 2000. He stated that he paid the mortgage for his mother. Joshua testified that in 2014 his mother gave him the property as a gift, including its furnishings. He said that he paid no consideration for the house and instead took over the mortgage loan, which at the time had a balance of $91,906. Joshua testified that he took out a home equity line of credit on the Walnut Glen property to acquire the mortgage for the couple's home on Brisk Springs.

Angelica testified that she did not know if Joshua transferred any money to his mother at the time the deed for the Walnut Glen house was signed. She said that she did not transfer any money to Joshua's mother at that time.

The record includes the Assumption Special Warranty Deed for the Walnut Glen house. The deed dated May 21, 2014, lists "Joshua Eckhardt, a married person" as grantee. It does not mention Angelica. "The community presumption is not contradicted by legal title in just one spouse." *Nash*, 644 S.W.3d at 700. "'Where the grant or deed to community lands is in the name of the husband, the legal title to the lands is in him.' But legal title in the husband's name does not, alone, alter the community nature of the property, and the wife still can have an equally absolute estate or interest in the property." *Tipps v. Chinn Expl. Co.*, No. 06-13-00033-CV, 2014 WL 4377813, at *2 (Tex. App.—Texarkana Sept. 5, 2014,

12

pets. denied) (mem. op.) (quoting *Burnham v. Hardy Oil Co.*, 195 S.W. 1139, 1143 (1917)).

The deed also does not contain any separate property recitals. "A 'separate property recital' is a recital in an instrument that the consideration comes from the separate property of a spouse or that the property is transferred to a spouse as the transferee's separate property or for the transferee's separate use." *Cardenas v. Cardenas*, No. 13-16-00064-CV, 2017 WL 1089683, at *2 (Tex. App.—Corpus Christi Mar. 23, 2017, no pet.). (mem. op.) (quoting *Stearns v. Martens*, 476 S.W.3d 541, 547 n.4 (Tex. App.—Houston [14th Dist.] 2015, no pet.)). A separate property recital negates the community property presumption and creates in its place a rebuttable presumption of separate property. *Cardenas*, 2017 WL 1089683, at *2 (quoting *In re Marriage of Moncey*, 404 S.W.3d 701, 712–13 (Tex. App—Texarkana 2013, no pet.)).

As the factfinder, the trial court alone determines the credibility of the evidence and the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *Rosenky v. Rosenky*, No. 01-09-01029-CV, 2011 WL 743164, at *6 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (mem. op.). In determining that the Walnut Glen property was community property, the trial court implicitly found that it was not a gift and concluded that Joshua failed to rebut the community presumption by clear and convincing

13

evidence.* Because Joshua did not rebut by clear and convincing evidence the presumption that the Walnut Glen house constitutes community property, we hold that the trial court did abuse its discretion in deeming the Walnut Glen property community property.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

---

\*      By concluding that the house was community property, the trial court implicitly found that it was neither a gift to Joshua alone nor to Joshua and Angelica as spouses. There can be no gift to the community estate. *Jones v. Jones*, 804 S.W.2d 623, 627 (Tex. App.—Texarkana 1991, no writ) (holding that gift to both spouses "cannot be community property, but must be characterized as separate property co-owned" by both spouses). If the trial court had found that the property was a gift, but to both spouses, the court would have ruled that the house was separate property, with each spouse having a one-half interest. *Roosth v. Roosth*, 889 S.W.2d 445, 457 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("An attempted gift by a third party to the community estate vests each partner with a one-half undivided interest in the property as his or her separate property.").

14